Mathews, J.
delivered the opinion of the court. The plaintiff and appellant sues for work and labour done on the public road, before the property of the defendant, and claims a privilege on the estate, through which the road passes, having been authorized to make the repairs, under certain municipal regulations.
At the time the work was performed, the estate was in the possession of Duplantier, on whose insolvency, it was transferred by his syndics to the defendant and appellee, the original vendor.
The claim is opposed on several grounds; but being of opinion that the second is completely tenable, viz. the want of a judgment against the original debtor, a possession of the estate at the time the repairs were made, it is useless to investigate any other.
The defendant must be considered as a third possessor-and, admitting the plaintiff's claim to be good, in all other respects, and to carry with it a privilege on the property of the first possessor, in his hands-yet payment cannot be enforced by a seizure and sale of the hypothecated estate, until a fair judgment is obtained *401 against the principal debtor. Civ. Code, 460, art. 43. This has not been done-and, in the opinion of the court, his insolvency is not an excuse for the neglect of it ; for, although the plaintiff, from the failing circumstances in which the debtor was, could not have proceeded directly against him, yet he might have pursued measures to obtain a place on the bilan, and thus have his claim liquidated and closed.
The parish court, having erred in giving judgment finally and conclusively against the plaintiff, it is ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; and, proceeding to give such a judgment as, in our opinion, ought to have been given in the parish court,
It is ordered, adjudged and decreed, that the plaintiff's petition be dismissed, at his costs.